# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        **MEMORANDUM OF LAW & ORDER**
        Criminal File No. 13-140 (MJD/TNL)

(1) CHANDAN PRENTISS HURD,

        Defendant.

Chandan Prentiss Hurd, pro se.

## I.  INTRODUCTION

This matter is before the Court on Defendant Chandan Prentiss Hurd's

Motion to Reconsider Petitioner's Jail Time Credit Due to Extraordinary and

Compelling Circumstances.  [Docket No. 102]

## II.  BACKGROUND

On November 7, 2013, Defendant Chandan Prentiss Hurd pled guilty to

Count 1 of the Indictment, Felon in Possession of a Firearm, in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2).  On July 23, 2014, the Court sentenced Hurd to

71 months in prison.  [Docket No. 69]  Hurd appealed his conviction and

sentence to the Eighth Circuit Court of Appeals.  On May 8, 2015, the Eighth

Circuit affirmed.  United States v. Hurd, 785 F.3d 311 (8th Cir. 2015).

On August 6, 2015, Hurd filed a Motion under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 88]

Hurd asserted that his predicate offense of Fleeing a Peace Officer only qualified

as a crime of violence under the Sentencing Guidelines based on the residual

clause in U.S.S.G. § 4B1.2(a)(2) and that that the application of that residual

clause was unconstitutional under Johnson v. United States, 135 S. Ct. 2551

(2015).  The matter was stayed pending the U.S. Supreme Court's decision in

Beckles v. United States.

On March 10, 2017, Hurd filed a document seeking to amend his § 2255

motion to add a claim requesting that the Court order the Bureau of Prisons to

give him credit for the time he served in U.S. Marshals custody from May 13,

2013 until July 23, 2014.  [Docket No. 97]  He asserted that, on May 13, 2013, he

was transferred from Hennepin County Jail into U.S. Marshals custody, but that

the Bureau of Prisons has not given him credit for his time in federal custody

before sentencing.

On May 10, 2017, the Court denied Hurd's § 2255 motion. The Court also denied his request to amend the motion to add a claim to review the Bureau of Prisons' calculation of credit for time in U.S. Marshals' custody, because such a request needed to be brought in the form of a habeas petition under 28 U.S.C. § 2241 filed within the district where Hurd is confined, in the District of Columbia, or in a district in which the Bureau of Prisons maintains a regional office. [Docket No. 100] Judgment was entered on May 11, 2017. [Docket No. 101] Hurd did not appeal the May 2017 Order and Judgment. On August 7, 2017, Hurd filed the current motion for reconsideration of the Court's denial of his request to amend his § 2255 motion to add a claim regarding jail credit.

## III. DISCUSSION

The Eighth Circuit "typically construe[s] [a motion for reconsideration of a denial of a 2255 motion] as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." <u>Ackerland v. United States</u>, 633 F.3d 698, 701 (8th Cir. 2011).

Because Hurd's motion for reconsideration was filed more than 28 days after entry of judgment, Federal Rule of Civil Procedure 59(e) does not apply.

Therefore, the Court interprets Hurd's motion as a motion under Federal Rule of Civil Procedure Rule 60(b).

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The Court has carefully reviewed Hurd's motion and the May 2017 Order and Judgment, and finds that none of the possible grounds for relief under Rule 60(b) apply.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant Chandan Prentiss Hurd's Motion to Reconsider
Petitioner's Jail Time Credit Due to Extraordinary and Compelling
Circumstances [Docket No. 102] is **DENIED**.


Dated:   August 31, 2017             s/ Michael J. Davis_____
                                     Michael J. Davis
                                     United States District Court